UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **DWAYNE DEMOUCHET, SR.** <br>     LA. DOC #362467 <br> VS. | **CIVIL ACTION NO. 6:13-cv-2696** <br><br> **SECTION P** <br><br> **JUDGE RICHARD T. HAIK, SR.** |
| **WARDEN ROBERT TANNER** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Dwayne Demouchet, Sr., a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2254) on September 18, 2013. Petitioner attacks his 2006 conviction for possession of a firearm by a convicted felon, his adjudication as a multiple offender, and the 25 year sentence imposed thereafter by the Sixteenth Judicial District Court, Iberia Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On September 27, 2004 petitioner was charged with possession of drugs and a firearm and possession of a firearm by a convicted felon. On July 18, 2006 he was found guilty as charged of being a felon in possession of a firearm. On August 22, 2006 he was sentenced to serve 15 years at hard labor. On September 28, 2006 he was adjudicated a multiple offender, the prior sentence was vacated, and he was sentenced to serve 25 years without benefit of parole.

He appealed to the Third Circuit Court of Appeal and on October 31, 2007 his conviction, adjudication, and sentence were affirmed; on December 28, 2007 his application for rehearing was denied. *State of Louisiana v. Dwayne Demouchet*, 2007-0092 (La. App. 3 Cir. 10/31/2007), 970 So.2d 674, *rehearing denied*, 12/28/2007.

His application for writs was denied by the Supreme Court on September 19, 2008. *State of Louisiana v. Dwayne Demouchet*, 2008-0377 (La. 9/19/2008), 992 So.2d 952. His application for reconsideration was denied on December 12, 2008. *State of Louisiana v. Dwayne Demouchet*, 997 So.2d 554.

He filed a *pro se* application for post-conviction relief in the District Court on December 8, 2009. [Doc. 1-3, pp. 30-55] The application was denied and oral reasons for judgment were supplied by the trial court on March 15, 2011. [Doc. 1-3, pp. 101-118] His applications for writs were denied by the Third Circuit Court of Appeals on June 21, 2012 [*See State of Louisiana v. Dwayne Demouchet*, 2011-00780 (La. App. 3 Cir. 6/21/2012), 98 So.3d 437 (Table) (See also Doc. 1-3, p. 119)], and by the Louisiana Supreme Court on January 25, 2013. *State of Louisiana ex rel. Dwayne Demouchet v. State of Louisiana*, 2012-2022 (La. 1/25/2013), 105 So.3d 713.

He signed his petition on September 13, 2013; it was mailed on September 16, 2013 and received and filed on September 18, 2013.  He argues the following claims for relief: (1) The verdict is contrary to law because the arresting officer had no basis to pursue petitioner and therefore any property seized thereafter was inadmissable, and there was no proof to establish that the anonymous tip which led to petitioner's arrest was reliable; (2) petitioner was denied the right to be represented by the attorney of his choice; (3) the trial court abused its discretion when it denied appointed counsel's motion for a continuance and forced petitioner to trial with an

attorney who was unprepared; (4) ineffective assistance of counsel who (a) failed to investigate, (b) failed to call witnesses, (c) failed to object to the amended bill of information, (d) failed to object to the State's discriminatory use of peremptory challenges, (e) failed to present pre-trial motions filed by petitioner's previous counsel; (5) the State's discriminatory use of peremptory challenges; (6) denied the right of appellate review; and (7) excessiveness of sentence.

## Law and Analysis

### 1. Timeliness under § 2244(d)(1)(A)

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir.

---

[1] Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. §(d)(1)(B), (C), or (D).


1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

      Petitioner appealed his conviction and sentence to the Third Circuit Court of Appeals and when that court affirmed his conviction and sentence, petitioner sought further direct review in the Louisiana Supreme Court. The Louisiana Supreme Court denied writs on direct review on September 19, 2008. *State of Louisiana v. Dwayne Demouchet*, 2008-0377 (La. 9/19/2008), 992 So.2d 952. Thereafter, his application for reconsideration was denied on December 12, 2008. *State of Louisiana v. Dwayne Demouchet*, 997 So.2d 554. Petitioner did not seek further direct review in the United States Supreme Court; therefore, his judgment of conviction and sentence became final for AEDPA purposes by "... the expiration of the time for seeking [further] direct review..." on March 12, 2009, 90 days following the December 12, 2008 denial of reconsideration when the time limits for seeking further direct review by filing a petition for *certiorari* in the United States Supreme Court expired. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999) (A state conviction "becomes final upon direct review, which occurs upon denial of *certiorari* by the Supreme Court or expiration of the period for seeking *certiorari*." Under Rule 13.1 of the Supreme Court Rules, the petitioner had ninety days from the Louisiana Supreme Court's judgment denying his petition for *certiorari* to file a petition for a writ of *certiorari*. *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994)). Thus, the AEDPA limitations period began to run on March 12, 2009 and petitioner had one

year, or until March 12, 2010 to file his *habeas corpus* petition.

Petitioner was able to toll the limitations period during the period of time his application for post-conviction relief remained pending in the Louisiana Courts in accordance with the provisions of 28 U.S.C. §2244(d)(2). He filed his *pro se* application for post-conviction relief in the District Court on December 8, 2009. [Doc. 1-3, pp. 30-55] It remained pending until the Louisiana Supreme Court denied writs on January 25, 2013. *State of Louisiana ex rel. Dwayne Demouchet v. State of Louisiana*, 2012-2022 (La. 1/25/2013), 105 So.3d 713. Nevertheless, a period of 270 days elapsed untolled between March 12, 2009, the date his judgment of conviction became final under the AEDPA and December 8, 2009, the date he filed his application for post-conviction relief. Thereafter, a period of 230 days elapsed untolled between January 25, 2013 when his post-conviction ceased to be pending and September 13, 2013 when he filed the instant petition.

It is therefore clear that a period of more than 1-year (500 days to be exact) elapsed un-tolled between the date that petitioner's judgment of conviction became final by the conclusion of the time for seeking further direct review and the date he filed the instant petition for *habeas corpus*.

***2. Equitable Tolling***

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks

omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "... a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. —, 130 S.Ct. 2549, 2562, (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor does it appear that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Of course, as instructed below, petitioner may object to this Report and Recommendation, and, if he does so, he should provide evidence and argument to establish that he is entitled to either equitable or statutory tolling of the limitations period.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana November 21, 2013.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**